**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4549

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GYQON TYREE TURNER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:19-cr-00636-TDS-1)

Submitted:  July 28, 2022                                    Decided:  August 11, 2022

Before WYNN and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Margaret M. Reece, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gyqon Tyree Turner pled guilty, pursuant to a written plea agreement, to Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The district court sentenced Turner to 73 months' imprisonment for the robbery offense and a consecutive 7 years' imprisonment for the firearm offense, for a total of 157 months' imprisonment. On appeal, Turner argues that the district court erred in applying a six-level enhancement for assaulting a police officer while fleeing arrest pursuant to U.S. Sentencing Guidelines Manual § 3A1.2(c)(1) (2018). We affirm.

When reviewing a district court's application of the Guidelines, we review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Savage*, 885 F.3d 212, 225 (4th Cir. 2018). "Under the clear error standard, we will only reverse if left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted).

A sentencing court may apply a six-level enhancement if the defendant, or a person for whose conduct the defendant is otherwise accountable, "in a manner creating a substantial risk of serious bodily injury, . . . knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer during the course of the offense or immediate flight therefrom." USSG § 3A1.2(c)(1). This "provision applies in circumstances 'tantamount to aggravated assault.'" *United States v. Hampton*, 628 F.3d 654, 659 (4th Cir. 2010) (quoting USSG § 3A1.2 cmt. n. 4(A)). Because the Guidelines do not define assault, we look to the common law, which defines "assault" as "attempted

2

battery or the deliberate infliction upon another of a reasonable fear of physical injury." *Id.* at 660 (internal quotation marks omitted).

On appeal, Turner argues that the district court erred by failing to employ the categorical approach to determine whether his conduct was "tantamount to aggravated assault" for purposes of USSG § 3A1.2(c)(1). However, the categorical approach necessarily inquires as to whether a past *conviction* may serve as a predicate offense, *see, e.g.*, *Shepard v. United States*, 544 U.S. 13, 19 (2005) (noting that the categorical approach "refers to predicate offenses in terms not of prior conduct but of prior 'convictions' and the 'elements' of crimes" (cleaned up)), while we have held that USSG § 3A1.2(c)(1) directs courts to assess whether the defendant's *conduct* meets the common law definition of assault, *Hampton*, 628 F.3d at 660. The categorical approach simply does not apply to the imposition of the enhancement under USSG § 3A1.2(c)(1). Having reviewed the record, we conclude that the district court did not clearly err in applying the enhancement.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3